UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TIMOTHY LEE SHIPLEY | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:05-cv-220 |
| | ) | (Cr: 2:02-CR-85) |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Timothy L. Shipley has filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In 2003, the petitioner pled guilty to and was convicted of one count of conspiracy to commit arson, in violation of 18 U.S.C. § 371, and one count of arson of real property used in or affecting interstate commerce, in violation of 18 U.S.C. §§ 844(i). For these offenses, he received respective sentences of 60-months and 84-months to be served concurrently, with three years of supervised release to follow.

The petitioner now brings this § 2255 motion to vacate, asserting, as grounds for relief: (1) that his base offense level was increased from 20 to 24 based on a finding by a judge, using a preponderance-of-evidence standard, that § 2K1.4(a)(1) applied because the arson has created a substantial risk of death or serious bodily injury; (2) that the two-level increase for his leader-organizer role violated the holding in *United States v. Booker*, 543 U.S. 220 (2005);[1] and (3) that he had ineffective assistance of counsel. These claims are

---

[1] *Booker* holds that the jury-right guarantee of the Sixth Amendment applies to the Federal Sentencing Guidelines and that it requires that any fact, other than a prior conviction,

alleged as grounds one and two in the petition and grounds II and III in the accompanying brief. However, for the reasons stated below, the United States Attorney will not be required to file a response, and the motion will be **DENIED**.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective on April 24, 1996, there is a 1-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255. This date is triggered by one of four events; the relevant event in this case is the conclusion of direct review. The petitioner was sentenced on September 22, 2003, and his judgment of conviction was entered on the Court's docket sheet the next day, on September 23, 2003. [Docs. 74 and 76 in the criminal case files]. The petitioner would have had ten days from the entry of the judgment order to file a notice of appeal. *See* Rule 4(b)(1)(A), Fed. R. App. P. Thus, the petitioner's conviction became final, at the latest, on October 3, 2003.[2] *See* Rule 26, Fed. R. App. P.

A petitioner is afforded a one-year period from the date a judgment becomes final to file a § 2255 motion. *Hyatt v. United States*, 207 F.3d 831, 833 (6th Cir. 2000). Therefore, the petitioner would have had, at the very latest, until October 3, 2004, to file his § 2255 motion. The petitioner's § 2255 motion was filed on August 26, 2005, under the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266 (1988). Since the statute of limitations

---

which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

[2] The record shows that the petitioner waived his right to appeal [Doc. 77] and did not file a notice of appeal.

expired on October 3, 2004 as to the petitioner's § 2255 motion, and since the petitioner did not file his motion until August 26, 2005, it is clearly time-barred.

The fact that the petitioner cites to *Booker* in support of his first claim calls for no different conclusion. Though a petition is timely if it is filed within one year after the Supreme Court issues an opinion initially recognizing a right, so long as the right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2255¶6(3), this does not mean the petitioner's motion is timely because it was filed within one year after the *Booker* decision.

In *Booker*, the Supreme Court noted its holding should be applied "to all cases on direct review," *Booker*, 543 U.S. at 268, but it did not conclude that the holding applied retroactively to cases where direct appeal was completed. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (observing that "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding"). Assuming that *Booker*—decided on January 12, 2005—initially recognized a right which the petitioner is asserting, and further assuming that the right is newly recognized, *see Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005) (finding the *Booker* rule is "clearly new"), that date does not apply to the petitioner's § 2255 motion because the holding in *Booker* has not been made retroactive to cases on collateral review. Indeed, the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review, such as this § 2255 motion. *Id.*, at 860.

In accordance with the above reasoning, the Court **FINDS** this motion to vacate is time-barred.

An order will enter in accordance with this opinion.

ENTER:

s/ Leon Jordan
United States District Judge